IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:06-CR-110-BO-1

UNITED STATES OF AMERICA   )
                        )
        v.              )     O R D E R
                        )
ERIK RUBEO FUENTES      )

This matter is before the Court on Defendant's "Motion to Correct" [DE 20], in which Mr. Fuentes contends that his good time credit is being calculated improperly by the Bureau of Prisons. Because this Court is without jurisdiction to entertain Mr. Fuentes's motion, it is DENIED.

## BACKGROUND

On January 17, 2007, Mr. Fuentes pleaded guilty, pursuant to a written plea agreement, to stealing and aiding and abetting the stealing of firearms and firearm silencers in and affecting commerce, in violation of 18 U.S.C. § 924(1) and (2). On July 11 of that year, Mr. Fuentes was sentenced by this Court to a term of 108 months of imprisonment, among other penalties. Mr. Fuentes is currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana [DE 23, DE 20-3].

## DISCUSSION

Mr. Fuentes has filed his Motion in the Eastern District of North Carolina, which was his sentencing court. However, only a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, is appropriately filed with an individual's sentencing court. This Motion cannot be construed as a motion pursuant to 28 U.S.C. § 2255 because it does not challenge the legality of the sentence

Mr. Fuentes received, but rather challenges only the manner in which the Bureau of Prisons is executing his sentence. *See United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989).

In order to properly challenge the calculation of his good time credit, an individual must file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where there is *in personam* jurisdiction over the immediate custodian of the defendant–in this case, the warden of the institution at which he is incarcerated. *Id.* In *Miller*, the Court of Appeals for the Fourth Circuit held that "a claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court." *Id.* Because *in personam* jurisdiction over Mr. Fuentes's immediate custodian does not lie in the Eastern District of North Carolina, this Court does not have jurisdiction to consider Mr. Fuentes's Motion.

CONCLUSION

For the foregoing reasons, Defendant's "Motion to Correct" [DE 20] is DENIED.

IT IS SO ORDERED, this the __4__ day of February, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE